MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JAVIER MADRIGAL, *individually and on*
*behalf of others similarly situated,*

*Plaintiff*,

-against-

YOGI KRUPA 594 INC. (D/B/A LALU DELI
GROCERY), LALU GROCERY 594 NY INC.
(D/B/A LALU DELI GROCERY), LALU
GROCERY 594 INC. (D/B/A LALU DELI
GROCERY), BHARATKUMAR PATEL,
SHETAL M PATEL, TEJAS B PATEL,
NIRAV (A.K.A. NICK) PATEL, GUNVANT
PATEL, BRIJESH PATEL, MD S ISLAM, and
KALPESH PATEL,

*Defendants*.
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Javier Madrigal ("Plaintiff Madrigal" or "Mr. Madrigal"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Yogi Krupa 594 Inc. (d/b/a Lalu Deli Grocery), Lalu Grocery 594 NY Inc. (d/b/a Lalu Deli Grocery), Lalu Grocery 594 Inc. (d/b/a Lalu Deli Grocery), ("Defendant Corporations"), Bharatkumar Patel, Shetal M Patel, Tejas B Patel, Nirav (a.k.a. Nick) Patel, Gunvant Patel, Brijesh Patel, M D S Islam, and Kalpesh Patel, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Madrigal is a former employee of Defendants Yogi Krupa 594 Inc. (d/b/a Lalu Deli Grocery), Lalu Grocery 594 NY Inc. (d/b/a Lalu Deli Grocery), Lalu Grocery 594 Inc. (d/b/a Lalu Deli Grocery), Bharatkumar Patel, Shetal M Patel, Tejas B Patel, Nirav (a.k.a. Nick) Patel, Gunvant Patel, Brijesh Patel, M D S Islam, and Kalpesh Patel.

2.      Defendants own, operate, or control a deli, located at 594-596 Columbus Avenue, New York, NY 10024 under the name "Lalu Deli Grocery".

3.     Upon information and belief, individual Defendants Bharatkumar Patel, Shetal M Patel, Tejas B Patel, Nirav (a.k.a. Nick) Patel, Gunvant Patel, Brijesh Patel, M D S Islam, and Kalpesh Patel., serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.     Plaintiff Madrigal was employed as a delivery worker at the deli located at 594-596 Columbus Avenue, New York, NY 10024.

5.     Plaintiff Madrigal was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to felling up ice freezers, sweeping and mopping, taking out the garbage, wiping down the tables, cleaning the bathrooms, stacking the chairs at night, feeding the cat, ordering and taking inventory of the beers, stocking the beers, stocking the beverages, cooking deli food such as burgers, rice, bacon, egg and cheese sandwiches, preparing salads, cutting vegetables, cutting potatoes to make home fries, stocking deliveries in the refrigerators, bringing items from the refrigerators and stocking places to the kitchen (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Madrigal worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Madrigal appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Madrigal wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Madrigal as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.      Regardless, at all relevant times, Defendants paid Plaintiff Madrigal at a rate that was lower than the required tip-credit rate.

11.      However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Madrigal's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Madrigal's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Madrigal at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.      Defendants' conduct extended beyond Plaintiff Madrigal to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Madrigal and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Madrigal now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiff Madrigal seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Madrigal's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Madrigal was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Javier Madrigal ("Plaintiff Madrigal" or "Mr. Madrigal") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Madrigal was employed by Defendants at Lalu Deli Grocery from approximately September 2015 until on or about September 4, 2018.

21.     Plaintiff Madrigal consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants own, operate, or control a deli, located at 594-596 Columbus Avenue, New York, NY 10024 under the name "Lalu Deli Grocery".

23.     Upon information and belief, Yogi Krupa 594 Inc. (d/b/a Lalu Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 594-596 Columbus Avenue, New York, NY 10024.

24.     Upon information and belief, Lalu Grocery 594 NY Inc. (d/b/a Lalu Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 594-596 Columbus Avenue, New York, NY 10024.

25.     Upon information and belief, Lalu Grocery 594 Inc. (d/b/a Lalu Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 594-596 Columbus Avenue, New York, NY 10024.

26.    Defendant Bharatkumar Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bharatkumar Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bharatkumar Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Shetal M Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Shetal M Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Shetal M Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Tejas B Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tejas B Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Tejas B Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Nirav (a.k.a. Nick) Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nirav (a.k.a. Nick) Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nirav (a.k.a. Nick) Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Gunvant Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gunvant Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gunvant Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Brijesh Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Brijesh Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Brijesh Patel possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.   Defendant M D S Islam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant M D S Islam is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant M D S Islam possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.   Defendant Kalpesh Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kalpesh Patel is sued individually in his capacity as a manager of Defendant Corporation. Defendant Kalpesh Patel possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Madrigal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34.   Defendants operate a deli located in the Upper West Side of Manhattan in New York City.

35.    Individual Defendants, Bharatkumar Patel, Shetal M Patel, Tejas B Patel, Nirav (a.k.a. Nick) Patel, Gunvant Patel, Brijesh Patel, M D S Islam and Kalpesh Patel, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

36.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.    Each Defendant possessed substantial control over Plaintiff Madrigal's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Madrigal, and all similarly situated individuals, referred to herein.

38.    Defendants jointly employed Plaintiff Madrigal (and all similarly situated employees) and are Plaintiff Madrigal's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.    In the alternative, Defendants constitute a single employer of Plaintiff Madrigal and/or similarly situated individuals.

40.    Upon information and belief, Individual Defendants Bharatkumar Patel, Shetal M Patel, Tejas B Patel, Nirav (a.k.a. Nick) Patel, Gunvant Patel, M D S Islam and Brijesh Patel, operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

41.  At all relevant times, Defendants were Plaintiff Madrigal's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Madrigal, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Madrigal's services.

42.  In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

44. Plaintiff Madrigal is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

45. Plaintiff Madrigal seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Madrigal*

46. Plaintiff Madrigal was employed by Defendants from approximately September 2015 until on or about September 4, 2018.

47. Defendants ostensibly employed Plaintiff Madrigal as a delivery worker.

48. However, Plaintiff Madrigal was also required to spend a significant portion of his work day performing the non-tipped duties described above.

49. Although Plaintiff Madrigal ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

50. Plaintiff Madrigal regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51. Plaintiff Madrigal's work duties required neither discretion nor independent judgment.

52. Throughout his employment with Defendants, Plaintiff Madrigal regularly worked in excess of 40 hours per week.

53. From approximately September 2015 until on or about September 4, 2018, Plaintiff Madrigal worked from approximately 2:00 p.m. until on or about 12:00 a.m., Tuesdays through Sundays (typically 60 hours per week).

54. Throughout his employment, Defendants paid Plaintiff Madrigal his wages in cash.

55.    From approximately September 2015 until on or about October 2017, Defendants paid Plaintiff Madrigal a fixed salary of $420 per week.

56.    From approximately November 2017 until on or about September 4, 2018, Defendants paid Plaintiff Madrigal a fixed salary of $450 per week.

57.    Plaintiff Madrigal's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58.    For example, Defendants required Plaintiff Madrigal to start working 15 to 30 minutes prior to his scheduled start time two days a week, and did not pay him for the additional time he worked.

59.    Defendants never granted Plaintiff Madrigal any breaks or meal periods of any kind.

60.    Plaintiff Madrigal was never notified by Defendants that his tips were being included as an offset for wages.

61.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Madrigal's wages.

62.    Plaintiff Madrigal was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Madrigal regarding overtime and wages under the FLSA and NYLL.

64.    Defendants did not provide Plaintiff Madrigal an accurate statement of wages, as required by NYLL 195(3).

65.    Defendants did not give any notice to Plaintiff Madrigal, in English and in Spanish (Plaintiff Madrigal's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.    Defendants required Plaintiff Madrigal to purchase "tools of the trade" with his own funds—including a bicycle, bicycle breaks and repairs.

*Defendants' General Employment Practices*

67.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Madrigal (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

68.    Plaintiff Madrigal was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

69.    Defendants' pay practices resulted in Plaintiff Madrigal not receiving payment for all his hours worked, and resulted in Plaintiff Madrigal's effective rate of pay falling below the required minimum wage rate.

70.    Defendants habitually required Plaintiff Madrigal to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

71.    Defendants required Plaintiff Madrigal and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

72.    Plaintiff Madrigal and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Madrigal's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general deli work with duties, including the non-tipped duties described above.

74.     Plaintiff Madrigal and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Madrigal's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Madrigal and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Madrigal who received tips that Defendants intended to take a deduction against Plaintiff Madrigal's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Madrigal who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Madrigal who worked as a delivery worker for the tips he received.

81.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82.     Defendants paid Plaintiff Madrigal his wages in cash.

83.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Madrigal (and similarly situated individuals) worked, and to avoid paying Plaintiff Madrigal properly for his full hours worked.

85.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Madrigal and other similarly situated former workers.

87.     Defendants failed to provide Plaintiff  Madrigal and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.     Defendants failed to provide Plaintiff Madrigal and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.     Plaintiff Madrigal brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

90.     At all relevant times, Plaintiff Madrigal and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

91.     The claims of Plaintiff Madrigal stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Madrigal's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Madrigal (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants failed to pay Plaintiff Madrigal (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.     Defendants' failure to pay Plaintiff Madrigal (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Madrigal (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

99.     Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Madrigal (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiff Madrigal (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiff Madrigal (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

103.     Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants were Plaintiff Madrigal's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Madrigal, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

105.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Madrigal less than the minimum wage.

106.    Defendants' failure to pay Plaintiff Madrigal the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107.   Plaintiff Madrigal was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

108.   Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

109.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Madrigal overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.   Defendants' failure to pay Plaintiff Madrigal overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.   Plaintiff Madrigal was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

112.   Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

113.   Defendants failed to provide Plaintiff Madrigal with a written notice, in English and in Spanish (Plaintiff Madrigal's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Madrigal in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

115.    Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

116.    With each payment of wages, Defendants failed to provide Plaintiff Madrigal with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

117.    Defendants are liable to Plaintiff Madrigal in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

118.    Plaintiff Madrigal repeats and realleges all paragraphs above as though fully set forth herein.

119.    Defendants required Plaintiff Madrigal to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.    Plaintiff Madrigal was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

121.    Plaintiff Madrigal repeats and realleges all paragraphs above as though set forth fully herein.

122.    Defendants did not pay Plaintiff Madrigal on a regular weekly basis, in violation of NYLL §191.

123.    Defendants are liable to Plaintiff Madrigal in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Madrigal respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Madrigal and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Madrigal and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Madrigal's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Madrigal and the FLSA Class members;

(f)     Awarding Plaintiff Madrigal and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Madrigal and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Madrigal;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Madrigal;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Madrigal;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Madrigal's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Madrigal;

(m)     Awarding Plaintiff Madrigal damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Madrigal damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Madrigal liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Madrigal and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Madrigal and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Madrigal demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        September 18, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

September 12, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Javier Madrigal

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                  _Javier Madrigal_

Date / Fecha:                       12 de Septiembre 2018

_Certified as a minority-owned business in the State of New York_